UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:19-CV-00118-LLK

**BEVERLY D. POTTS**                                                                                                       **PLAINTIFF**

v.

**ANDREW SAUL, Commissioner of Social Security**                                              **DEFENDANT**

MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff's complaint seeking judicial review, pursuant to 42 U.S.C. § 405(g), of the final decision of the Commissioner denying her claim for social security disability benefits. The fact and law summaries of Plaintiff and Defendant are at Dockets Number ("DN") 13 and 19. The parties have consented to the jurisdiction of the undersigned Magistrate Judge to determine this case, with any appeal lying before the Sixth Circuit Court of Appeals. [DN 10].

Because the Administrative Law Judge's ("ALJ's") decision is supported by substantial evidence and Plaintiff's four arguments are unpersuasive, the Court will AFFIRM the Commissioner's final decision and DISMISS Plaintiff's complaint.

**Substantial evidence supported the ALJ's finding that
Plaintiff's history of bladder incontinence was non-severe.**

First, Plaintiff argues that substantial evidence did not support the ALJ's finding that her history of bladder incontinence was non-severe, or vocationally insignificant:

> The claimant has … been diagnosed with … history of bladder incontinence…. [T]he claimant has not alleged any significant, long-term, work-related limitations from [this condition]. Her treatment has generally been conservative and sporadic, with improvement in [this condition]. As such, the undersigned must find [this impairment] non-severe because the evidence fails to demonstrate that [it] cause[s] more than minimal limitations.

[DN 13 at 2-4 referencing Administrative Record ("AR") at 14].

"At that second step [of the sequential evaluation process], the [ALJ] considers whether the claimant has 'a severe medically determinable physical or mental impairment' that 'is … expected to last

1

for a continuous period of at least 12 months.'" *Quisenberry v. Comm'r of Soc. Sec.*, 757 F. App'x 422, 427 (6th Cir. 2018) (quoting 20 C.F.R. §§ 416.920(a)(4)(ii); 416.909). At step 2, "the claimant has the burden of proof." *Id.* at 426.

Plaintiff's argument is unpersuasive for four reasons. First, she fails to show that her history of bladder incontinence rose to the level of a "medically determinable" impairment. While the record indicates "possible cystitis [is] causing her symptoms" of dysuria, frequency, urgency, and incontinence [AR at 618], Plaintiff identifies no definitive diagnosis requiring a certain frequency of bathroom breaks. *See Stinson v. Comm'r*, No. 1:16-CV-00004-HBB, 2017 WL 962767, at *6 (W.D. Ky. Mar. 10, 2017) ("[T]here is no medical opinion in the record indicating the renal cysts on Plaintiff's kidneys would impose any type of physical limitation on Plaintiff."). "[R]egardless of how many symptoms an individual alleges, or how genuine the individual's complaints may appear to be, the existence of a medically determinable physical or mental impairment cannot be established in the absence of objective medical abnormalities; i.e., medical signs and laboratory findings." Social Security Ruling 96-4p, 1996 WL 374187, at *1. Plaintiff relies only on her subjective complaints, which are insufficient to establish the existence of a medically determinable impairment. *Id.* Second, Plaintiff fails to show that her bladder condition persisted "for a continuous period of at least 12 months." 20 C.F.R. § 416.909. Third, Plaintiff fails to show that her bladder condition significantly limited her ability to do "basic work activities," i.e., "physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling." 20 C.F.R. § 416.922(b)(1). Fourth, even if the ALJ erred in labeling Plaintiff's bladder condition as "non-severe," the error was harmless because the ALJ's decision as a whole reflects fair consideration of that condition. *Anthony v. Comm'r*, 266 F. App'x 451, 457 (6th Cir. 2008) (citing *Maziarz v. Sec'y of Health & Human Servs.*, 837 F.2d 240, 244 (6th Cir. 1987)). The ALJ found, notwithstanding testimony of needing a bathroom break every 30 minutes, that Plaintiff retains the ability to perform a significant number of sedentary jobs in the national economy such as inspector, assembler, hand worker. [AR at 17, 22]. The vocational expert

("VE") testified that these jobs would be eliminated if Plaintiff needs bathroom breaks every hour. [AR at 52]. However, the jobs would remain if Plaintiff needs bathroom breaks (in addition to scheduled breaks in the morning, at lunch, and in the afternoon) at a frequency that the fill-in utility worker could not accommodate. [AR at 53]. For the jobs in question, "normally there's a fill-in worker, utility worker if you need some extra breaks here and there to go to the restroom or whatever, they will fill in for you, but not at that [hourly] rate." Id. Plaintiff asked no follow-up question in this regard.

### Substantial evidence supported the ALJ's finding that Plaintiff's diabetes was non-severe.

Second, Plaintiff argues that substantial evidence did not support the ALJ's finding that her diabetes was non-severe:

> The claimant has ... been diagnosed with ... diabetes.... Her physician notes that her ... diabetes [has] been generally controlled with oral medication. There is no evidence of end organ damage. She has not required emergency care for ... diabetic crisis. ... As such, the undersigned must find [this impairment] non-severe because the evidence fails to demonstrate that [it] cause[s] more than minimal limitations.

[DN 13 at 2-4 referencing AR at 14].

Plaintiff's argument is unpersuasive for four reasons. First, Plaintiff's treating physician, Phillip Bale, opined that Plaintiff "is on multiple medications for her hypertension and type 2 diabetes which are presently well controlled." [AR at 1053]. Second, Plaintiff fails to show that, despite treatment, her diabetic symptoms persisted at a vocationally significant level "for a continuous period of at least 12 months." 20 C.F.R. § 416.909. Third, Plaintiff fails to show that, despite treatment, her diabetes significantly limited her ability to do "basic work activities," i.e., "physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling." 20 C.F.R. § 416.922(b)(1). Fourth, while Plaintiff testified she has "recently" started experiencing "dizzy spells" in which the "room is spinning" and which occur two to three times a week and last about fifteen minutes [AR at 49-50], she has neither alleged nor shown that this would preclude performance of the sedentary jobs identified by the VE.

**The ALJ's finding that Plaintiff requires a cane for ambulation was legally adequate.**

Third, Plaintiff argues that the ALJ's finding that she "has the residual functional capacity to perform sedentary work … except that she requires a cane for ambulation" was legally inadequate because it did not comport with the requirements of Social Security Ruling ("SSR") 96-9p. [DN 13 at 5-6 referencing AR at 16]. The relevant part of SSR 96-9p provides as follows *(portion relied on by Plaintiff in bold and underlined)*:

> *Medically required hand-held assistive device:* To find that a hand-held assistive device is medically required, there must be medical documentation establishing the need for a hand-held assistive device to aid in walking or standing, and describing the circumstances for which it is needed (i.e., whether all the time, periodically, or only in certain situations; distance and terrain; and any other relevant information). The adjudicator must always consider the particular facts of a case. For example, if a medically required hand-held assistive device is needed only for prolonged ambulation, walking on uneven terrain, or ascending or descending slopes, the unskilled sedentary occupational base will not ordinarily be significantly eroded.
>
> Since most unskilled sedentary work requires only occasional lifting and carrying of light objects such as ledgers and files and a maximum lifting capacity for only 10 pounds, an individual who uses a medically required hand-held assistive device in one hand may still have the ability to perform the minimal lifting and carrying requirements of many sedentary unskilled occupations with the other hand. For example, **an individual who must use a hand-held assistive device to aid in walking or standing because of an impairment that affects one lower extremity** (e.g., an unstable knee), or to reduce pain when walking, who is limited to sedentary work because of the impairment affecting the lower extremity, and who has no other functional limitations or restrictions **may still have the ability to make an adjustment to sedentary work that exists in significant numbers. On the other hand, the occupational base for an individual who must use such a device for balance because of significant involvement of both lower extremities (e.g., because of a neurological impairment) may be significantly eroded.**
>
> In these situations, too, it may be especially useful to consult a vocational resource in order to make a judgment regarding the individual's ability to make an adjustment to other work.

*Id.* (quoting SSR 96-9p, 1996 WL 374185 at *7).

The argument is unpersuasive for two reasons. First, the overall purpose of SSR 96-9p is to identify "situations" in which non-exertional limitations are present (e.g., need for a "medically required hand-held assistive device") that may erode the occupational base for sedentary work such that direct application of the Appendix 2 rules may be inappropriate and, therefore, "it may be especially useful to consult a vocational resource in order to make a judgment regarding the individual's ability to make an

4

adjustment to other work." *Id.* Here, the VE testified that Plaintiff can perform a significant number of sedentary jobs in the national economy, assuming "ambulation requires the use of a cane," and Plaintiff asked no follow-up question in this regard. [AR at 50-51]. The vocational testimony satisfied the purpose of the Ruling. Second, while "the occupational base for an individual who must use such a device **for balance** *(emphasis added)* ... may be significantly eroded," the ALJ found Plaintiff must use the device for ambulation, not balance.

### Substantial evidence supported the ALJ's finding that Plaintiff can perform sedentary work.

Fourth, Plaintiff argues that "substantial evidence does not support the finding that [she] can perform sedentary lifting requirements" because, having rejected every medical opinion regarding her ability to lift, the ALJ had "no other opinions of record to establish a finding of sedentary lifting capabilities." [DN 13 at 6-7].

Plaintiff's treating physician, Phillip Bale, opined, among other things, that Plaintiff's is "presently confined to a wheelchair as a result of her morbid obesity and chronic back pain." [AR at 1053]. The ALJ gave this opinion "little weight … as it is inconsistent with the medical and other evidence of record, with no new diagnostic evidence, clinical examinations with normal motor strength, sensation, reflexes, station, and gait, with no acute neurologic changes, and conservative, sporadic treatment" but found that Plaintiff "requires a cane for ambulation." [AR at 16, 20]. The Commissioner's one-time examining physician, Edgar A. Lopez-Suescum, opined, among other things, that Plaintiff "should not be expected to lift more than four to five pounds and carry one to two pounds." [AR at 540]. This finding, if accepted, would preclude even sedentary work. *See* 20 C.F.R. § 416.967(a) ("Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools."). The ALJ rejected the opinions of Drs. Bale and Lopez-Suescum to the extent they would preclude even sedentary work. [AR at 20-21]. The ALJ gave "partial weight" to the opinion of the Commissioner's non-examining program physician, Jack Reed, that Plaintiff can perform light work and found that Plaintiff

can perform a limited range of sedentary work.  [AR at 16, 21, 80-82].  *See* 20 C.F.R. § 416.967(b) ("If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.").

The argument is unpersuasive for three reasons.  First, "[i]n appropriate circumstances, opinions from State agency medical and psychological consultants and other program physicians and psychologists may be entitled to greater weight than the opinions of treating or examining sources."  Social Security Ruling (SSR) 96-6p, 1996 WL 374180, at *3.  Here, the ALJ properly rejected the treating source's (Dr. Bale's) opinion to the extent it would restrict Plaintiff to a wheelchair and rejected the one-time examining source's (Dr. Lopez-Suescum's) opinion to the extent it would prohibit the minimal lifting/carrying required for even sedentary work in favor of the program physician's (Dr. Reed's) non-disabling findings.  Second, "the administrative law judge's residual functional capacity finding does not need to correspond to a particular physician's opinion."  *Tucker v. Comm'r*, 775 F. App'x 220, 226 (6th Cir. 2019).  Third, while substantial evidence may not support an ALJ's decision to find **fewer** restrictions than every medical source opined, in this case, the ALJ found **greater** restrictions than Dr. Reed opined.  "No bright-line rule exists in our circuit directing that medical opinions must be the building blocks of the residual functional capacity finding, but the administrative law judge must make a connection between the evidence relied on and the conclusion reached."  *Id.*  The ALJ made that connection here.

### Order

Because the Administrative Law Judge's ("ALJ's") decision is supported by substantial evidence and Plaintiff's four arguments are unpersuasive, the Court hereby AFFIRMS the Commissioner's final decision and DISMISSES Plaintiff's complaint.

June 4, 2020

Lanny King, Magistrate Judge
United States District Court